***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and Alltel on May 25, 1999.
3. Cincinnati Insurance Company is the carrier on the risk.
4. Plaintiff's average weekly wage on May 25, 1999, was $1,116.16, which yields the maximum compensation rate for 1999, $560.00.
5. On May 25, 1999, plaintiff sustained a compensable injury to her right knee in a fall.
Plaintiff's medical records regarding this claim are admitted into evidence as Stipulated Exhibit 2 and include:
a) Cape Fear Orthopaedic Clinic;
b) Carolina Back Institute;
c) Carolina Imaging;
d) Durham Regional Hospital;
e) Dr. Robert W. Elkins;
f) Healing Touch Therapy, Ann N. Ashford, LMT;
 g) N.C. Spine Center. P.A., Dr. Stephen Grubb, Virginia Highlands Orthopaedic Spine Center;
h) Dr. Virginia Pact;
i) Pomerans Medical Clinic;
j) Triangle Trigger Point Therapy; and
k) Dr. Lucas VanTran.
7. Records for Alltel with respect to short-term disability and the accident/investigation termination letter and form are admitted into evidence as Stipulated Exhibit 3.
8. The private investigator's report is admitted into evidence as Stipulated Exhibit 4a. The two private investigator videos are admitted into evidence as Stipulated Exhibit 4b and 4c.
9. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit 5: Form 18, 61, 33, 33R and 22.
10. The issues to be determined are whether plaintiff's May 25, 1999, accident resulted in injuries to her back; and, if so, what benefits, including treatment, is plaintiff entitled.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On May 25, 1999, plaintiff was 51 years old and employed by Alltel as an outside sales representative. Alltel was originally Centel Cellular in 1993 when plaintiff began her employment, but changed to Sprint Cellular, followed by 360° Communications, and then Alltel. Alltel is engaged in the cellular phone business and plaintiff's job required her to travel to make sales calls.
2. On May 25, 1999, plaintiff sustained a compensable fall when her foot got stuck on a rubber tip. Plaintiff fell forward, striking her right knee. Plaintiff's knee began to bleed and some employees assisted her to the break room to apply a bandage to her right knee. Plaintiff reported the fall to her supervisor, Norman Gunn.
3. Plaintiff first sought treatment from Dr. Mark Pomerans, her family physician, on May 27, 1999. Plaintiff complained of pain in her right knee, leg, and hip. Plaintiff was initially out of work but then returned part-time.
4. When plaintiff's right knee did not improve with conservative treatment, Dr. Pomerans referred her to Dr. Douglas S. McFarlane, an orthopaedic surgeon with Cape Fear Orthopaedic Clinic. Dr. McFarlane performed arthroscopic surgery on plaintiff's right knee on October 18, 1999.
5. On October 26, 1999, plaintiff began to complain of increased low back pain that radiated into her right leg. Plaintiff sought treatment from Dr. Stephen Grubb on November 24, 1999. At that time, plaintiff was unable to perform her regular job. During this time period, plaintiff moved from her upstairs apartment to a downstairs apartment because of difficulties in climbing stairs.
6. Dr. Grubb's diagnosis was cervical degenerative disc disease and lumbar degenerative disc disease. Dr. Grubb referred plaintiff to physical therapy. Plaintiff received physical therapy at the North Carolina Spine Center.
7. When plaintiff's low back pain, thigh pain, and lower leg pain did not improve, Dr. Grubb performed a discogram on plaintiff on May 26, 2000. Upon injection of radiographic dye into plaintiff's discs, plaintiff reported pain at the L2-3, L3-4 and L4-5 disc levels. Such pain was noted to be concordant with the back pain that plaintiff had been experiencing. Plaintiff was not able to work due to the pain.
8. On September 7, 2000, plaintiff underwent surgery, which consisted of L2-3, L3-4, and L4-5 inter laminar decompressions and bilateral lateral recess decompression; L2 and L5 stabilization with Moss-Miami segmented instrumentation and six vertebral screws, two rods, and one crosslink; and L2 to L5 fusion with left iliac crest bone graft.
9. The surgery improved plaintiff's ability to walk, however she still experienced a great deal of discomfort in her back with pain radiation down her right leg.
10. Plaintiff was involved in a prior unrelated motor vehicle accident when she was hit by a tractor-trailer while working for 360° Communications. Plaintiff sustained no broken bones and returned to work on light duty following the accident. She sometimes experienced pain in her upper back and down the left side of her body, but eventually returned to work full-time prior to May 25, 1999. As a result of the 1995 accident, plaintiff had no permanent impairments with a zero percent (0%) rating.
11. The greater weight of the evidence supports that the May 25, 1999, compensable fall aggravated plaintiff's pre-existing back problems to the extent that plaintiff has been unable to work or earn wages since that date. Plaintiff has engaged in some volunteer fund-raising activities such as selling raffle tickets on four occasions, but such activities were sporadic and plaintiff was able to set her own hours.
12. Plaintiff has not yet reached maximum medical improvement and is in need of further medical treatment.
13. The evidence of record shows that defendant paid short-term disability benefits to plaintiff from August 10, 1999, through June 27, 2000. Afterward, plaintiff received $2,826.00 per month in long-term disability benefits from an employer-funded plan, which was paid to plaintiff through the date of the hearing before the Deputy Commissioner and continuing.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On May 25, 1999, plaintiff suffered a compensable fall arising out of and in the course of her employment with Alltel, which resulted in injury and aggravation to her back. N.C. Gen. Stat. § 97-2(6).
2. As a result of her compensable injury, plaintiff is entitled to temporary total disability at a rate of $560.00 per week from May 25, 1999, until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants pay all medical expenses incurred by plaintiff as a result of her compensable injury for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, give relief, or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
4. Defendant is entitled to a credit for: (1) short-term disability benefits that defendant paid to plaintiff from August 10, 1999, through June 27, 2000; and (2) long-term disability benefits of $2,286 per month from an employer-funded plan, which plaintiff received through the date of the hearing before the Deputy Commissioner and continuing. N.C. Gen. Stat. § 97-42.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary disability benefits at the compensation rate of $560.00 per week from May 25, 1999, and continuing until further order of the Commission, subject to a reasonable attorney's fee herein approved. Defendants shall pay the amount that has accrued to plaintiff in a lump sum.
2. Defendants shall pay directly to plaintiff's counsel a reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded plaintiff in paragraph 1 of this award. Defendants shall pay the amount that has accrued directly to plaintiff's counsel in a lump sum; thereafter, defendants shall pay directly to plaintiff's counsel every fourth check due plaintiff.
3. Defendants shall pay all past and future medical expenses incurred by plaintiff as a result of her compensable injury on May 25, 1999, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, give relief, or lessen plaintiff's period of disability.
4. Plaintiff shall allow defendant a credit for: (1) short-term disability benefits that defendant paid to plaintiff from August 10, 1999, through June 27, 2000; and (2) long-term disability benefits of $2,286 per month from an employer-funded plan, which plaintiff received through the date of the hearing before the Deputy Commissioner and continuing.
This the 14th day of May 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER